UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SANDERS LAMONT ADAMS,

                                           Petitioner,                9:04-CV-0311
v.                                                           (GLS)(GHL)

M.P. MCGINNIS; BRION D. TRAVIS, Chairman of the
New York State Division of Parole; ELIOT SPITZER,
Attorney General of the State of New York; GEORGE E.
PATAKI, Governor of the State of New York,

                                           Respondents.

---

APPEARANCES

SANDERS LAMONT ADAMS
93-A-7902
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-500
Petitioner *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## ORDER

On March 23, 2004, petitioner Sanders Lamont Adams ("Adams") filed a petition for a Writ of Habeas Corpus.[1] Dkt. No. 1. Adams' petition was dismissed on July 6, 2004 (Dkt. No. 4) for Adams' failure to comply with the Order of this Court filed April 26, 2004 (Dkt. No. 3).

On March 11, 2005, Adams filed a motion "for reconsideration of the judgment and order."[2] Dkt. No. 6 at 1. The motion is rambling and largely unintelligible, and does not

---

[1] Petitioner is an experienced litigator, having filed twenty-one (21) actions in this Court as of May 12, 2004, including nineteen (19) petitions for a Writ of Habeas Corpus. Petitioner has filed multiple actions in other New York district courts as well. *See Adams v. Spitzer, et al.*, No. 9:02-CV-853 (TJM/DRH) at Dkt. No. 36.

[2] Adams has filed fifteen (15) motions to vacate or motions for reconsideration, in fourteen (14) different cases, in this District between December 9, 2004 and March 23, 2005.

set forth any basis upon which reconsideration of the dismissal, or any other relief with respect to the dismissal, could be granted. Rather, Adams states that he seeks consolidation of the many cases he has filed in this District and permission to file an amended or "supplemental" complaint. *Id.*

In light of Adams' *pro se* status, the Court has reviewed his motion to determine if he has established any of the factors that would permit the Court to grant his motion as either a motion to reconsider or a motion to vacate, and finds that he has not.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)). Adams has not established any of the above three factors relative to his request for reconsideration. Since Adams sets forth no meritorious basis for reconsidering the July 6, 2004 dismissal of his petition, his motion, if characterized as a motion for reconsideration, must be denied.[3]

As noted, Adams' motion might also be construed as a motion to vacate. Rule 60(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") sets forth the following six grounds upon which relief from judgment can be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

---

[3] The local rules require that such a motion be "served not later than **TEN CALENDAR** days after the entry of the challenged .... order." Local Rule 7.1(g). Thus, if petitioner's submission is deemed a motion for reconsideration, it is untimely.

> discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987). Moreover, Rule 60(b) motions are left to the sound discretion of the district judge. *See* Fed.R.Civ.P. Rule 60(b).

The Court finds that Adams has not established any of the above factors in his motion. Additionally, Adams has included nothing in his present submissions to suggest that the dismissal of this action was in any way erroneous. Since Adams sets forth no credible basis for vacating the July 6, 2004 judgment, his motion must be denied.

WHEREFORE, it is hereby

ORDERED, that Adams' motion for reconsideration or to vacate (Dkt. No. 6) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on Adams by regular mail.

Dated:     April 14, 2005
           Syracuse, New York

*[signature]*
Gary L. Sharpe
U.S. District Judge