UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SANDERS LAMONT ADAMS, also known as
LAMONT ADAMS,

                            Petitioner,        9:04-CV-0311
     v.                                           (GLS)(GHL)

M.P. MCGINNIS; BRION D. TRAVIS, Chairman of the
New York State Division of Parole; ELIOT SPITZER,
Attorney General of the State of New York; GEORGE E.
PATAKI, Governor of the State of New York,

                            Respondents.

---

APPEARANCES

SANDERS LAMONT ADAMS
93-A-7902
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-500
Petitioner *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## ORDER

On March 23, 2004, petitioner Sanders Lamont Adams ("Adams") filed a petition

for a Writ of Habeas Corpus.[1] Dkt. No. 1. Adams' petition was dismissed on July 6, 2004

(Dkt. No. 4) for Adams' failure to comply with the Order of this Court filed April 26, 2004

(Dkt. No. 3).

On March 11, 2005, Adams filed a motion "for reconsideration of the judgment and

---

[1] Petitioner is an experienced litigator, having filed twenty (20) actions in this Court as of May 12, 2004, including nineteen (19) petitions for a Writ of Habeas Corpus. Petitioner has filed multiple actions in other New York district courts as well. *See Adams v. Spitzer, et al.*, No. 9:02-CV-853 (TJM/DRH) at Dkt. No. 36.

order."[2]  Dkt. No. 6 at 1 ("March motion").  The motion was rambling and largely unintelligible, and did not set forth any basis upon which reconsideration of the dismissal, or any other relief with respect to the dismissal, could be granted.  Rather, Adams asked for consolidation of the many cases he has filed in this District and permission to file an amended or "supplemental" complaint.  *Id.*  In light of Adams' *pro se* status, the Court reviewed the March motion to determine if he had established any of the factors that would permit the Court to grant his motion as either a motion to reconsider or a motion to vacate, and determined that he had not.  Accordingly, by Order of this Court filed April 14, 2005, Adams' March motion was denied.  *See* Dkt. No. 7 ("April 14, 2005 Order").

On July 7, 2005, petitioner filed *another* motion for reconsideration and/or to vacate ("July motion"), seeking reconsideration of the April 14, 2005 Order denying petitioner's prior motion for reconsideration.  Dkt. No. 8.  The July motion also seeks to vacate the July 6, 2004 Judgment which dismissed this action.  *Id*.

Petitioner has included nothing in his present submission to suggest that the denial of his motion for reconsideration (Dkt. No. 7) was in any way erroneous.  Since petitioner sets forth no credible basis for reconsidering any Order issued by this Court relative to Adams' petition, petitioner's motion for reconsideration is denied.

Adams' again also seeks to vacate the Judgment entered in this action on July 6, 2004.  Rule 60(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") sets forth the following six grounds upon which relief from judgment can be granted:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

---

[2] Adams has filed twenty-one (21) motions to vacate or motions for reconsideration, in sixteen (16) different cases, in this District as of the date of this Order.

>discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987). Moreover, Rule 60(b) motions are left to the sound discretion of the district judge. *See* Fed.R.Civ.P. Rule 60(b).

The Court finds that Adams has not established any of the above factors in his motion. Additionally, Adams has included nothing in his present submissions to suggest that the dismissal of this action was in any way erroneous. Since Adams sets forth no credible basis for vacating the July 6, 2004 judgment, his motion must be denied.

Adams is warned that litigants are not permitted to file successive motions concerning issues which have already been adjudicated by the Court. *See*, *e.g.*, *Muina v. H.P.D.*, No. 91-CV-4154, 1995 WL 521037 (S.D.N.Y. September 1, 1995) (successive motions for reconsideration are an abuse of process); *Jamison v. Travis*, No. 96-CV-0116 (N.D.N.Y. Aug. 25, 1997) (Hurd, M.J.) (plaintiff's renewed motion to compel denied as an abuse of process). Adams is further cautioned that successive motions for reconsideration or to vacate the judgment of dismissal will not be countenanced by the Court, and may result in the imposition of sanctions.

WHEREFORE, it is hereby

ORDERED, that Adams' motion for reconsideration and/or to vacate (Dkt. No. 8)

is denied, and it is further

      ORDERED, that the Clerk serve a copy of this Order on Adams by regular mail.

IT IS SO ORDERED.

Dated:    August 17, 2005
            Albany, New York

                                        Gary L. Sharpe
                                        U.S. District Judge